IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

|                            |   |                              |
|----------------------------|---|------------------------------|
| UNITED STATES OF AMERICA   | : |                              |
|                            | : |                              |
| v.                         | : | Criminal No. DKC-10-0102-002 |
|                            | : |                              |
| HARRY JAMES WILLIAMS       | : |                              |

**MEMORANDUM OPINION**

Defendant Harry Williams filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  The government filed a response in opposition (ECF No. 222) and Mr. Williams filed a reply (ECF No. 223).  For the reasons that follow, Mr. Williams is not entitled to relief, and the motion will be denied.[1]

On August 11, 2010, a jury found Mr. Williams guilty of conspiring to defraud the United States and eight counts of submitting false claims.  On November 15, 2010, Defendant was sentenced to seventy-two months imprisonment.  The sentence was not appealed.

Mr. Williams requests the court re-sentence him taking into consideration his military service because "Our Nation has a long tradition of according leniency to veterans in recognition of their service, especially for those who fought on the front

---

[1] Defendant has also filed two motions to expedite a ruling on his motion.  (ECF Nos. 225 and 228).  These motions will be denied as moot.

lines . . ." He also mentions charitable public services he's provided and advises that he's received no disciplinary infractions while incarcerated. The Defendant argues that the "United States Sentencing Commission Departure Guidelines were not incorporated nor considered." However, Mr. Williams recognizes that "Pre-Sentencing acknowledged Petitioner's prior military service" evidencing that the court was aware of Mr. Williams' prior military service at sentencing. (ECF No. 221 at ¶ 6).

As noted above, Mr. Williams was sentenced on November 15, 2010. The Presentence Report had been prepared earlier, and was based on the Guidelines Manual effective November 1, 2009. The court, nevertheless, was instructed by 1B1.11 to use the Guidelines Manual in effect on the date of sentencing. The Guidelines Manual effective November 2, 2010 included in 5H1.11 new language that:

> Military service may be relevant in determining whether a departure is warranted, if the military service, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines.

Under 18 U.S.C. § 3582(c)(2), a court may not modify a term of imprisonment once it has been imposed unless the sentencing range is subsequently lowered by the Sentencing Commission. As noted by the Government, that simply has not happened. First, Mr. Williams was sentenced after the effective date of the amendment. Second, the amendment did not reduce the sentencing range, but rather expressed a policy change concerning one aspect of a defendant's background. Finally, the Sentencing Commission did not include this amendment in the list of those to be applied retroactively in 1B1.10.

The motion will be denied by separate order.

                                              /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge